{¶ 81} I would reverse and remand this matter on the basis of Mr. Russ' first assignment of error. His motion to dismiss should have been granted, on the authority of the Sixth District's opinion inDumwald.
 {¶ 82} I agree with the majority that the loss of the audio tape of Ms. Wright's interview with police must be analyzed under theYoungblood test as "potentially useful evidence." This was the test applied by the Sixth District in Dumwald, in analyzing whether the state's failure, through accident, to preserve a video tape of appellant's arrest for allegedly driving under the influence, amounted to bad faith. Id. at ¶ 31, 36. The Dumwald court found the "cavalier attitude" toward the preservation of potentially useful evidence illustrated by the destruction of the video tape, did amount to bad faith. Id. at ¶ 36.
 {¶ 83} As the majority notes, the record in this case indicates the Niles Police properly tagged and logged the audio tape of Ms. Wright's interview. It then exchanged *Page 27 
hands between the Niles Police, the Trumbull County Prosecutor's Office, and back to the Niles Police. It was lost for purposes of trial. I respectfully believe this series of events is tantamount to the bad faith found by the Durnwald court.
 {¶ 84} The majority distinguishes Durnwald by observing that the video tape at issue therein was the "only direct evidence" showing appellant's condition at the time of his DUI arrest, and thus, "unique and unattainable by other means." Id. at ¶ 36. The majority postulates that, by using Detective Stabile's notes of the interview with Ms. Wright, defense counsel was fully able to impeach her trial testimony, by uncovering the discrepancies between that testimony and her interview.
 {¶ 85} I respectfully disagree. No matter how skillful, defense counsel's elicitation of the fact that Ms. Wright had originally claimed, in her police interview, that Mr. Russ was innocent, could not have the same impact as the jury actually hearing what she said, andhow she said it — as well as the tone and nature of the police questioning. Mr. Russ received ten years imprisonment; by entering her plea deal with the state, Ms. Wright received a suspended sentence, and probation. When depriving a man of his liberty for ten years, the state has an imperious duty to prove its case as completely as possible. By depriving the jury of the opportunity to hear and evaluate Ms. Wright's police interview, as it actually occurred, the state failed in this duty.
 {¶ 86} Consequently, I dissent. *Page 1